IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ABAYOMI DANIEL ADEBAYO, )
)
    Petitioner, )
) No. 06 C 1026
v. )
) Judge Ronald A. Guzmán
ALBERTO GONZALES, Attorney )
General of the United States of )
America, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner, a native of Sierra Leone, has had a final removal order pending against him since October 2003. He was taken into custody on February 17, 2006, and is being detained in a federal facility in McHenry County. He contends that the removal order would not have been entered against him but for the incompetence of the attorney who represented him in the immigration proceedings. Petitioner has filed a motion to reopen the case (presumably, with the BIA, though the petition does not say), which has yet to be decided. He has also filed an emergency motion here for a writ of habeas corpus contending that his "threatened removal from the U.S. by Respondent is in violation of the Constitution, the INA and the Convention against torture." (Pet. at 5-6.)

Petitioner's challenge to the order of removal is clearly barred by the Real Id Act of 2005:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms

"judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5); *see Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) ("A petition under § 2241 filed in a district court after [the enactment of the Real ID Act] . . . must be dismissed . . . ."); *Ishak v. Gonzales*, 422 F.3d 22, 29 (1st Cir. 2005) (stating that the Real ID Act "definitively eliminated any provision for [habeas] jurisdiction"). Thus, we have no jurisdiction to review the removal order.

Though the thrust of the petition is that the removal order is illegal, it also states that petitioner's detention is illegal. (*See, e.g.*, Pet. at 6 ¶¶ 5-6.) If petitioner's challenge to his detention is *independent of* his challenge to the removal order, this Court has habeas jurisdiction over it. *See* H.R. REP. 109-72, at 175 (2005) (Conf. Rep.) (stating that the Real ID Act does not "preclude habeas review over challenges to detention that are independent of challenges to removal orders"); *Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005) (holding that district court had habeas jurisdiction over petitioner's claim that the length of his detention violated *Clark v. Martinez*, 543 U.S. 371 (2005), because the claim concerned "only the petitioner's detention rather than his removal"). But if the purported detention challenge is, in reality, a challenge to removal, the Court has no jurisdiction. *See Kanteh v. Ridge*, No. Civ. 05-313 DWF/AJB, 2005 WL 1719217, at *2 & n.32 (D. Minn. June 30, 2005) (recommending that petitioner's claim that his detention violated due process be dismissed because it "[arose] out of the removal proceedings" but claim that the length of his detention violated *Clark* be retained), *report and recommendation adopted*, No. Civ. 05-313 DWF/AJB, 2005 WL 1705526, at *1 (D. Minn. July 19, 2005).

The detention challenge in this case falls into the latter category. Petitioner does not challenge his detention independently of his removal. He does not contend, for example, that the statute pursuant to which he is being detained is unconstitutional, that the length of his detention is unreasonable under *Clark* or that the conditions of his confinement are inhumane. Rather, he says his detention is unlawful because it is premised on an invalid removal order. (*See* Pet. at 6 ¶ 5 (stating that the detention is illegal because "[p]etitioner intended to challenge the findings of his removal proceedings as well as [sic] ineffective assistance of his counsel, and has already filed a motion to reopen and Stay the proceedings in Court based on due process of law of the Fifth Amendment").) Because petitioner's detention challenge is not independent of his removal challenge, the Court does not have habeas jurisdiction over it.

## Conclusion

The petition for a writ of habeas corpus [doc. no. 1] is denied for lack of jurisdiction. This case is hereby terminated.

**SO ORDERED.**                                          ENTERED: 3/7/06

HON. RONALD A. GUZMAN
United States District Judge

3